IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>REAL PROPERTY LOCATED AT 714 WINFIELD, O'FALLON, ILLINOIS, ST. CLAIR COUNTY, ILLINOIS, ALL ATTACHMENTS, IMPROVEMENTS, AND APPURTENANCES THERETO,<br><br>Defendant. | No. 08-cv-807-DRH |

## JUDGMENT AND DECREE FOR FORFEITURE

**HERNDON, Chief Judge:**

On or about November 18, 2008, the United States of America commenced the above-captioned suit against defendants. Now pending is the government's motion for judgment and decree for forfeiture pursuant to Federal Rule of Civil Procedure 55 (Doc. 20). For the following reasons, the motion is GRANTED.

A clerk's entry of default was entered as to Nedal M. Mhamad, Layali I. Abed, and all interested parties in the above case on August 25, 2009 (Doc. 17), in accordance with Rule 55 of the Federal Rules of Civil Procedure, and counsel for plaintiff requests judgment against said defaulted defendants and has filed a proper motion as to the requested relief.

On November 18, 2008, a Verified Complaint for Forfeiture against the defendant was filed on behalf of the plaintiff, United States of America, regarding property described as:

> **Real property located at 714 Winfield, St. Clair County, Illinois, and all attachments, improvements, and appurtenances thereto, more particularly described as follows:**
>
> **Lot No. 115 of Cambridge Commons 3rd Addition, part of Lot 2 of the "Subdivision of James F. Thomas Lands," being a part of the Northwest Quarter of Section 31, Township 2 North, Range 7 West, Third Principal Meridian, City of O'Fallon, St. Clair County, Illinois; reference being had to the plat thereof recorded in the Recorder's Office of St. Clair County, Illinois in Book of Deeds "93" on Page 7.**
>
> **Except coal, gas and other mineral rights excepted or reserved in prior conveyances.**
>
> **Parcel No. 04-31-0-109-020.**

The Complaint alleges said real property is property constituting or derived from proceeds of violations of Title 7, United States Code, Section 2024(b) and (c), Food Stamp Fraud, involving a quantity of coupons having a value of more than $5,000.00, and Title 18, United States Code, Sections 1341 and 1343, Mail and Wire Fraud, and said funds are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and that at least $63,702.14 in fraud proceeds was invested in said property.

Process was fully issued in this action and returned according to law.

Pursuant to 18 U.S.C. § 985, Immigration and Customs Enforcement posted a copy of the Notice for Complaint for Forfeiture Against Real Property and

a copy of the Verified Complaint for Forfeiture on the defendant property on August 6, 2009.

On June 24, 2009, July 1, 2009 and July 8, 2009, notice of this action was published in the Legal Reporter newspaper; notice of this action was published on an official government website (www.forfeiture.gov) for at least 30 consecutive days, beginning June 11, 2009.

Constructive service was properly made on Nedal M. Mhamad and Layali I. Abed pursuant to 18 U.S.C. § 985(c)(2)(C) and that the default against them was property entered.

All right, title, and interest in the premises located at 714 Winfield rests in the United States of America, and the Department of Homeland Security - Homeland Security Investigations ("DHS-HSI") is hereby ordered to sell said real estate and to dispose of the proceeds according to law.

The proceeds from the sale of said real estate at 714 Winfield shall be paid in the priority indicated:

    a. All costs of the forfeiture action and other expenses and costs incurred by the United States in advertising, maintaining, disposing, and transferring the subject-matter real estate;

    b. $63,702.14 to be distributed by the DHS-HSI as forfeited funds;

    c. All remaining proceeds, if any, to be held by the DHS-HSI pending further order of the court.

The United States shall inform the Court within thirty days of the sale of the property what surplus proceeds, if any, remain from the sale.

Now, therefore, on motion of the plaintiff, United States of America, for a Judgment and Decree of Forfeiture, the property previously described is hereby ORDERED forfeited to the United States of America and no right, title, or interest in the property shall exist in any other party except as stated above.

The Court finds that under the "relation-back" doctrine codified in 21 U.S.C. Sec. 881(h), all right, title, and interest in the subject matter property vested in the United States upon the commission of the act giving rise to forfeiture and that in the instant case, said date that the property vested in the United States was no later than June 27, 2007, the date that proceeds of the fraud were used to satisfy the mortgage on the subject-matter property. The Court finds that said property is therefore exempt from any real estate taxation from said date of June 27, 2007 until such date that the property is transferred from the United States to an owner who is not exempt from taxation. The United States shall pay any taxes or tax liens accruing prior to June 27, 2007 and may, at its discretion but not as a requirement of law or of this Court, voluntarily pay, as if the property were not exempt, any taxes or tax liens accruing after June 27, 2007, but prior to the date of this Judgment and Decree for Forfeiture. For any taxes or tax liens paid by the United States, said payments shall be considered part of the costs and expenses associated with the forfeiture and sale of the subject matter real estate and shall be reimbursed from the proceeds of the sale prior to the distribution of the proceeds of the sale. This Court retains jurisdiction to determine any and all issues regarding any real estate taxes imposed on the property prior to the date of

this instant order, and no tax purchaser, tax certificate holder, taxing authority, or any other person or entity shall take any steps to collect said taxes or enforce said tax liens, except as specifically authorized by an Order issued by this District Court after prior notice to the United States and a hearing.  This Court specifically orders that no such tax purchaser, tax certificate holder, taxing authority, or any other person or entity shall commence state court tax deed proceedings and notices unless specifically authorized by this District Court after prior notice to the United States and a hearing.  The United States shall record this instant Order as a means of providing notice of this prohibition and shall mail a copy to the State's Attorney of St. Clair County, Illinois, as the attorney for the taxing authorities.

The DHS-HSI may immediately take custody of the subject-matter premises.  The DHS-HSI shall give any occupant of the premises thirty days after posting the premises with a copy of this Order to remove any personal property from the premises and to vacate said premises.  Any personal property remaining on the premises after said thirty days shall be considered abandoned and may be sold by the DHS-HSI at public auction or by a commercially reasonable sale with the proceeds of said sale, after reimbursement of all costs incurred by the government for the processing, storage, and sale of the property, to be held by the DHS-HSI pending further order of this Court.  The DHS-HSI may destroy any personal property which it believes is of low enough value not to justify a sale or may donate said property to a charity or government agency.  Any person

remaining on the premises after said thirty day period may be forcibly removed from the premises by the DHS-HSI. The DHS-HSI shall have the discretion to extend this thirty day period if he so desires; the United States shall retain the right to petition this Court to shorten said thirty day period for cause.

IT IS HEREBY ORDERED that judgment is entered in favor of the plaintiff, United States of America, and against the defendant as described above.

**IT IS SO ORDERED.**

Signed this 15th day of August, 2011.

Digitally signed by David R. Herndon
Date: 2011.08.15 16:41:49 -05'00'

**Chief Judge
United States District Court**